Filed 2/22/24  P. v. Love CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>BOBBY LEON LOVE III,<br><br>    Defendant and Appellant. | G062382<br><br>(Super. Ct. No. RIF122615)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Riverside County, John D. Molloy, Judge.  Affirmed.

Marcia R. Clark, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Counsel was appointed to represent Bobby Leon Love III on appeal from the trial court's denial of his petition for resentencing based on Penal Code section 1172.6.[1] Counsel did not argue against her client but advised the court she found no issues to argue on his behalf.

The procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436, and *Anders v. California* (1967) 386 U.S. 738, do not apply to appeals from the denial of section 1172.6 petitions. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 226, 231.) Therefore, when appointed appellate counsel finds no viable issues, counsel should file a brief informing the court that counsel found no arguable issues and include a concise narration of facts. (*Id.* at p. 231.) The reviewing court should send the brief to the defendant with notice the defendant may file a supplemental brief or letter within 30 days, and if the defendant does not, the court may dismiss the appeal. (*Id.* at pp. 231-232.) While no review of the record is compelled, the court retains discretion to independently review the record. (*Id.* at p. 232.)

Counsel requested this court exercise its discretion to conduct an independent review, which we have. Counsel identified two issues she considered to assist the court in conducting a discretionary independent review of the record: (1) "Did the trial court err in denying [Love's] petition for resentencing pursuant to section 1172.6?[; and (2)] Did the trial court [prejudicially] err in relying solely on the prosecutor's representation that the jury instructions showed [Love] was ineligible for relief without conducting an independent review of the court file?" (Boldface and some capitalization omitted.)

---

[1] Effective June 30, 2022, the Legislature renumbered Penal Code former section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. For clarity, we refer to the statute as section 1172.6. All further statutory references are to the Penal Code unless otherwise indicated.

If the defendant raises issues in a supplemental brief or letter, the court must evaluate the arguments raised and issue a written opinion. (*People v. Delgadillo, supra*, 14 Cal.5th at p. 232.) Love filed a supplemental brief and we address his claims anon.

We have reviewed the record and found no arguable issues on appeal. We affirm the postjudgment order.

FACTS

As context for the limited issue of this appeal, after a vehicle with four occupants was shot at within an apartment complex, investigating police officers made contact with suspects Love and Johnny Marionno Delgado. (*People v. Delgado* (Oct. 9, 2009, G040636) [nonpub. opn.] (*Delgado*).) Both were arrested after a verbal altercation—between officers, Love, and his mother—escalated into a physical altercation between Love and an officer.

Love and Delgado were jointly tried. Before trial, Love's motion to discover information in the arresting officers' personnel files (the *Pitchess*[2] motion) was denied. In 2007, a jury convicted both Love and Delgado "of four counts of attempted murder (§§ 187, 664), four counts of assault with a deadly weapon (§ 245), and one count of discharging a firearm at an occupied motor vehicle (§ 246). The jury also convicted Love of two counts of attempting to deter a police officer in the execution of his duties. (§ 69.) The jury found the attempted murders were willful, deliberate, and premeditated (§§ 189, 664, subd. (a)), and (as to the attempted murder and assault with a deadly weapon counts) [Love and Delgado] personally and intentionally discharged a firearm within the meaning of sections 12022.53, subdivision (c), and 1192.7, subdivision (c)(8)." (*Delgado, supra*, G040636, fn. omitted.)

_____

[2]     *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.

3

Based on the jury's verdicts and Love's prior convictions, the trial court sentenced Love to a term of 70 years to life. Love appealed from the judgment solely to challenge the pretrial denial of his *Pitchess* motion and a panel of this court conditionally reversed the judgment with directions for the trial court to re-review the motion. (*Delgado, supra*, G040636.) The remand ultimately did not result in any change to the judgment against Love. (*People v. Love* (Sept. 20, 2010, G043401 [nonpub. opn.].)

Love filed a petition for resentencing pursuant to section 1172.6. The trial court conducted a hearing where the prosecutor represented that none of the jury instructions given at trial involved "aiding and abetting, natural and probable consequences, or felony murder." Love's counsel agreed with the representation, based on counsel's own review of the record. After the parties submitted the matter, the court denied Love's petition based on a finding that he had not been convicted on a theory of liability eliminated by the recent changes to sections 188 and 189. Love timely appealed.

DISCUSSION

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437) (Stats. 2018, ch. 1015) amended sections 188 and 189, effective January 1, 2019, to eliminate natural and probable consequences liability for murder and to limit the scope of the felony-murder rule. (*People v. Lewis* (2021) 11 Cal.5th 952, 957, 959 (*Lewis*).) The statutes were amended "to ensure that murder liability is not imposed on a person who [was] not the actual killer, did not act with the intent to kill, [and] was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *Lewis, supra*, 11 Cal.5th at p. 959.) SB 1437 also added section 1172.6, which, as originally enacted, set forth a procedure whereby a "person convicted of felony murder or murder under a natural and probable consequences theory" could petition for resentencing relief. (Former § 1172.6, subd. (a); Stats. 2018, ch. 1015, § 4.)

Senate Bill No. 775 (2021-2022 Reg. Sess.) (SB 775), effective January 1, 2022, amended section 1172.6, subdivision (a), to explicitly expand the category of

4

individuals entitled to petition for resentencing.  (Stats. 2021, ch. 551, § 1, subd. (a).)
Subdivision (a) of that section now expressly permits individuals convicted of attempted
murder or manslaughter under a natural and probable consequences theory to file a
petition for resentencing relief.  (§ 1172.6, subd. (a).)  A section 1172.6 petition must
make "'a prima facie showing' for relief.  [Citation.]"  (*Lewis, supra*, 11 Cal.5th at
p. 960.)  In *Lewis,* our Supreme Court held, "The record of conviction will necessarily
inform the trial court's prima facie inquiry under section [1172.6], allowing the court to
distinguish petitions with potential merit from those that are clearly meritless."  (*Id.* at
p. 971.)

In this matter, the trial court correctly found Love ineligible for
resentencing as a matter of law because the record established conclusively (*People v.
Strong* (2022) 13 Cal.5th 698, 708) that he was the actual perpetrator of his attempted
murder convictions.  In his supplemental brief in this appeal, Love argues three points for
reversal of the court's denial order:  (1) "The misconduct by one juror who state[d that]
'they kn[e]w [M]r. [D]elgado and [M]r. [L]ove[] were all bad people[]'"; (2) "The jury
foreperson state[d that] 'he had been to Iraq but was more [a]fraid of the [L]ove[] family
than he was in Iraq"; and (3) "[M]r. Delgado['s] police statements[] w[h]ere he clearly
state[d] that it was his gun and he fired the gun and it was found in his bedroom."

None of Love's points bear on the issue of this appeal, which is whether the
trial court erred when it found Love ineligible for section 1172.6 resentencing.  Relevant
here, the jury convicted him of four counts of attempted murder (§§ 187, subd. (a), 664)
and Love does not dispute that the jury returned verdicts explicitly finding that, for all
four counts, the attempted murders were committed "willful[ly], deliberate[ly] and [with]
premeditation within the meaning of . . . section 664[, subdivision (a)]."  Nor does Love
dispute that for all four of those counts, the jury also returned verdicts that explicitly
found Love "personally and intentionally discharge[d] a firearm, within the meaning of
. . . section 12022.53, subdivision (c), and 1192.7, subdivision (c), subsection (8)."

"Section 1172.6 does not create a right to a second appeal" (*People v. Burns* (2023) 95 Cal.App.5th 862, 865), yet Love's supplement brief asserts that trial errors occurred in 2007. His assertions cannot justify reversing the denial of his section 1172.6 petition because Love is not arguing he should be resentenced due to changes to murder liability implemented by SB 1437 or SB 775, but instead because the jury made incorrect findings according to the law as it existed at the time of his trial. For example, on Love's assertion that his codefendant made statements about a firearm that was used, the truth and weight of the statements bear on the evidence the jury assessed, but not on whether the jury's findings are no longer valid grounds to impose attempted murder liability.

In other words, given that the jury found Love personally used a firearm, the basis of his attempted murder liability remained unchanged after SB 1437 and SB 775. The record establishes conclusively (*People v. Strong, supra*, 13 Cal.5th at p. 708) that Love did not make a required prima facie showing of entitlement to resentencing benefits based on changes to sections 188 and 189.[3] The trial court's deliberation instructions to the jury on attempted murder were legally sound and did not implicate a now invalid theory of liability.

We have considered the possible issues raised by counsel and Love's supplemental brief, and found no arguable issues on appeal.

---

[3] We imply nothing about the possibility for relief through a petition for a writ of habeas corpus for Love's supplemental brief arguments. (See *In re J.F.* (1969) 268 Cal.App.2d 761, 766 ["in this state habeas corpus is a proper vehicle with which to challenge the constitutional validity of prior felony convictions, long since final"]; see also *People v. Nasalga* (1996) 12 Cal.4th 784, 789, fn. 5 [judgment final after "time for petitioning for a writ of certiorari in the United States Supreme Court has passed"].)

DISPOSITION

The postjudgment order is affirmed.


O'LEARY, P. J.

WE CONCUR:


BEDSWORTH, J.


GOETHALS, J.